1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br>CDCR # AA-5994<br><br>                                    Plaintiff,<br><br><br><br>              vs.<br><br><br><br>WILLIAM GORES; SHARLA EVERT;<br>DAVID M. GILL; SIMON HERNANDEZ;<br>CARL BREWER; GEORGE DOWNS;<br>JEFFREY DUNTRA; DANIEL CRUZ;<br>CHRISTINE FIERRO; MELISSA GARCIA;<br>STEPHEN WINSON; OMAR ORTEGA,<br><br>                                    Defendants. | Civil        10cv1323 BTM (WMc)<br>No.<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO<br>PROCEED** *IN FORMA PAUPERIS***;**<br><br>**(2) DENYING MOTION FOR<br>APPOINTMENT OF COUNSEL<br>WITHOUT PREJUDICE; AND**<br><br>**(3)  DISMISSING ACTION FOR<br>FAILING TO STATE A CLAIM AND<br>FOR SEEKING MONETARY<br>DAMAGES AGAINST<br>DEFENDANTS WHO ARE IMMUNE<br>PURSUANT TO 28 U.S.C.<br>§§ 1915(e)(2)(B)  & 1915A(b)** |

        Plaintiff, a state inmate currently incarcerated at California Men's Colony in San Luis

Obispo, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42

U.S.C. § 1983.  Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant

to 28 U.S.C. § 1915(a), along with a Motion to Appoint Counsel.

/ / /

1

**I.      MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fee owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 3]**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.  This discretion may be exercised only under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the

complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**III.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

First, a review of Plaintiff's Complaint indicates that he is seeking monetary damages against the Deputy District Attorney who prosecuted him in a criminal matter and the San Diego Superior Court Judge who presided over his criminal trial.

These claims amount to an attack on the constitutional validity of an underlying state criminal proceeding, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489).

/ / /

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's malicious prosecution and wrongful imprisonment claims "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding *criminal judgments*." *Heck*, 511 U.S. at 486 (emphasis added). This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction and/or sentence which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added).

Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. Thus, because Plaintiff seeks damages for allegedly unconstitutional criminal proceedings in a San Diego Superior Court criminal case, and because he has not shown that his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his Complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed

without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

Moreover, even if Plaintiff *could* show that the criminal conviction upon which his claims are based has already been terminated in his favor, his Complaint would still be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) to the extent it seeks monetary damages against Deputy District Attorney Sharla Evert.  Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991).  A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

In addition, Plaintiff's claims against San Diego Superior Court Judge David Gill are barred by absolute immunity.  "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  Therefore, as a Superior Court Judge for the State of California, Judge Gill has absolute immunity from civil proceedings relating to these actions, which were performed within his judicial discretion.

Thus, Plaintiff's claims against Defendants Evert and Gill will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for seeking monetary relief against defendants who are immune from such relief.

Plaintiff also refers to claims and defendants that are found in another case he is currently litigating, *Tran v. Gore, et al.*, S.D. Cal. Civil Case No. 10cv0464 DMS (POR).  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

/ / /

A prisoner's complaint is considered frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) & 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).  Because Plaintiff is already litigating some of the claims presented in the instant action in *Tran v. Gore, et al.*, S.D. Cal. Civil Case No. 10cv0464 DMS (POR), all duplicative claims are dismissed from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & 1915A(b)(1).  *See Cato*, 70 F.3d at 1105 n.2.

Finally, Plaintiff alleges that he was denied freedom of religion when an unnamed Deputy Sheriff took a "religious cross artifact" from Plaintiff.  *See* Compl. at 5.  "The right to exercise religious practices and beliefs does not terminate at the prison door." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam).  In order to implicate the Free Exercise Clause of the First Amendment, the Plaintiff must show that their belief is "sincerely held" and "rooted in religious belief." *See Shakur v. Schiro*, 514 F.3d 878, 884 (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).  Here, there are simply no facts, other than the reference to the "religious cross artifact" to support a First Amendment Free Exercise claim.  Thus, those claims are dismissed from this action as well for failing to state a claim upon which relief may be granted.

For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IV.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.   Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] is **DENIED** without prejudice.

2.   Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

3.   The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty

percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5.      The case is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking money damages against immune Defendants.  *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

6.      Plaintiff is granted forty five (45) days from the date this Order is "Filed" in which to file an amended complaint which addresses each deficiency of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. CA. CIV.LR. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

7.      The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

DATED:  August 23, 2010

Honorable Barry Ted Moskowitz
United States District Judge

7